In the Matter of SEACO INTERNATIONAL, INC., Debtor.

**LOUISIANA MARINE TUGS CORPORATION, Appellant,**

v.

**SEACO INTERNATIONAL, INC., Appellee.**

No. 87–3829
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 6, 1988.

Mary Riche, Harvey, La., Windhorst, Pastorek & Gaudry, Gretna, La., for appellant.

**622**

Michael D. Dendy, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for appellee.

Before RUBIN, KING, and JOLLY, Circuit Judges.

RUBIN, Circuit Judge:

The Louisiana Assignment of Accounts Receivable Act makes such an assignment effective against third persons only when a notice of assignment substantially in accordance with a prescribed form is recorded in the official public records. The prescribed form provides for the signature of both the assignor and assignee. Reversing the district court, we hold that recordation of a notice signed by the assignee to which is attached the entire assignment signed by both the assignor and assignee is substantially in accordance with the statutory requirement.

The Louisiana Assignment of Accounts Receivable Act[1] provides that an assignment of accounts receivable may be evidenced "by a separate written act of assignment signed by the assignor."[2] "Third parties are affected by an assignment of accounts receivable until the filing of the notice of assignment in the manner prescribed by the statute."[3]

The statute adds, an assignment "is effective against third parties when a 'notice of assignment' in substantially the following form is filed" in the conveyance records of the parish of the assignor's place of business. It set forth a form that concludes as follows:

---

Assignor

---

Assignee

On February 1, 1986, Seaco International, Inc., made an assignment of accounts receivable to Louisiana Marine Tugs Corporation. The assignee recorded in the con-

veyance records of Jefferson Parish, Louisiana, where the assignor had its place of business, a notice of assignment that complies in all respects with the Act except that it is signed only by the assignor. The notice recites, "The accounts as assigned are described with particularity in that Pledge and Assignment executed on February 1, 1986, attached to this Notice and marked for identification as Exhibit 'A'." Attached to the notice of assignment is the three-page assignment itself, which was also recorded. The assignment is signed by the president of Seaco International, Inc., on behalf of the assignor and by the president of Louisiana Marine Tugs Corporation, on behalf of the assignee. Also attached are resolutions of the Boards of Directors of the two corporations authorizing the respective presidents to enter into the assignment.

Subsequently, Seaco filed Chapter 11 proceedings and became a debtor in possession. Seaco then filed a motion seeking authorization of the bankruptcy court to use all of the debtor's cash collateral and an order invalidating the assignment. After the proceeding had been converted to a Chapter 7 proceeding, the bankruptcy court entered an order nullifying the pledge and assignments of accounts receivable. In its Conclusions of Law, the bankruptcy court stated that it considers it imperative that the notice be signed by both parties. The failure of the assignor to sign the document renders it insufficient. Neither the Findings of Fact nor the Conclusions of Law referred to the fact that in this instance the notice of assignment was accompanied by recordation of the assignment itself and that this instrument was signed by both parties. Without giving additional reasons, the district court, on appeal, affirmed the judgment of the Bankruptcy Court.

When the present Louisiana Act was adopted in 1983, one of the changes made was the provision that the notice of assignment be only "substantially in the form

---

**1.** LSA R.S. 9:3101–3111.

**2.** LSA R.S. 9:3105 A(2).

**3.** LSA R.S. 9:3102 B.

prescribed by the act." Patently, this was to prevent the exaltation of minor details of form over substance. Even if notice that the assignor has signed the instrument is essential, a matter that we need not today decide, certainly the recordation of the full instrument of assignment, accompanying the notice, duly executed by the assignor, provides all the notice that the legislature appears to have required and that a reasonable person could expect. No one could be misled to his detriment who had read the public records. Indeed, no one contends in this case that any creditor was misled. The sole question is whether the statute was substantially complied with. It seems evident that it was.

The Louisiana legislature has evidenced its intention that this statute, designed to further business activities, be interpreted in a practical way. The Act does not exact punctilio or slavish adherence. All that any notice might be designed to accomplish, this notice did.

For these reasons, the judgment of the district court is REVERSED and the case is remanded for further proceedings consistent with this opinion.